## JOSEPH F. SMITH v. JAMES HUGHES.

The decision in Maxey v. O'Connor, *supra*, p. 234, reaffirmed.

Where one of the grounds of a motion for a new trial, which was overruled, was, the improper admission, on the trial, of the testimony of an incompetent witness, and it did not appear by the record, that the witness deposed to any fact which was essential or material to support the case of the party offering him: *Held*, that there was no error in the ruling of the court below.

It seems, that a map of surveys from the general land office, is admissible upon the certificate of the commissioner, without further evidence of authenticity.

The rules which regulate the admission of evidence in trials by jury, do not apply strictly, where the trial of the facts, is by the court. The court will discriminate between evidence which is competent to establish or disprove the issue, and that which is not; and though incompetent evidence, may have been heard by the court, it will not be a ground of reversal of the judgment, if rightly rendered, upon evidence which is competent.

APPEAL from Refugio. Tried below before the Hon. Edmond J. Davis.

This was an action of trespass to try title, brought by Joseph F. Smith, the appellant, against James Hughes, the appellee.

The plaintiff claimed title by virtue of locations of land scrip, made upon the land in controversy, in the occupation of the defendant, and so far as the titles of the respective parties need be stated, it will suffice, to say, that the facts of the case of Maxey v. O'Connor, *supra*, p. 234, apply to this.

After the plaintiff had given evidence of his title, the defendant, who claimed under the title of Power and Hewitson, (and under whom he deraigned his title,) introduced the grant to them of the four leagues and a half, as was done in the case referred to; and the plaintiff, in rebuttal, and to show the alleged fraud, as in the same case, introduced the same evidence from the land office. The other facts appear from the opinion.

On the trial, a jury was waived, the cause submitted to the court, and judgment was rendered in favor of the defendant.

*Joseph F. Smith*, in *propriâ personâ*.

*Robert Hughes*, for the appellee.

WHEELER, C. J.—The principal questions, in this case, are disposed of by the case of Maxey v. O'Connor, *supra*, p. 234. The rulings of the court, upon evidence offered in support of the statute of limitations, are immaterial, as the defendant's title did not need the aid of the statute ; nor is the judgment of the court at all affected by the evidence upon that subject.

Though the witness, Hughes, may not have been a competent witness for the defendant, it does not appear by the statement of facts, that his testimony was material; or, indeed, what his testimony was. It related to the map from the general land office. The map, however, was admissible upon the certificate of the commissioner, without further evidence of authenticity. But it will suffice to dispose of the objection, that it does not appear by the statement of facts, that the witness deposed to any fact, which was essential or material to support the defence.

The rules which regulate the admission of evidence in trials by jury, do not apply strictly, where the trial of the fact is by the court. The court will discriminate between evidence, which is competent to establish or disprove the issue, and that which is not; and though incompetent evidence may have been heard by the court, it will not be a ground of reversal of the judgment, if rightly rendered upon evidence which is competent.

The error in some of the descriptive calls in the grant, under which the defendant claims, was obviated by other matter of description, which render it sufficiently certain what land was granted. (Urquhart v. Burleson, 6 Texas Rep. 502; Berry v. Wright, 14 Id. 270.)

There is no error in the judgment, and it is affirmed.

Judgment affirmed.