ANDREW BEATY AND OTHERS V. MADISON G. WHITAKER.

Primary judges, in November, 1836, were invested with the powers of notaries public, and sales passed before them were authentic acts.

The *testimonio*, or copy delivered to the party, of an authentic act, passed before a primary judge, in November, 1836, is admissible in evidence, in the District Court, on proof of the death of the primary judge and assisting witness, and that the signatures thereto are genuine; and is evidence of title to the land conveyed by the said act.

A party who has not paid the purchase-money, cannot claim priority over one who has an older unrecorded deed.

A judgment correctly rendered on proper evidence, will not be reversed because the judge, to whom the case was submitted, heard incompetent evidence.

APPEAL from Anderson. Tried below before the Hon. Reuben A. Reeves.

This was an action of trespass to try title to a league of land, brought by the appellee against the appellants, Andrew Beaty and William McSwain, in Freestone county; to which the other appellants, Giles N. Graves, James Ferguson, Simon Desoto and Forbes I. Houston, made themselves parties, as intervenors.

The land in controversy was granted to Gertrudes Luna, under whom the plaintiffs and intervenors claimed title. The case was, by change of venue, removed from Freestone to Anderson county; a jury was waived, and the case submitted to the judge.

The plaintiff offered, as evidence of title, a *testimonio* of an act of sale, for the league of land in controversy, passed on the 14th of November, 1836, by the said Gertrudes Luna, to the plaintiff, before Adolphus Sterne, as primary judge of Nacogdoches county; on which was the certificate of the chief justice of Nacogdoches county, that the said Sterne appeared before him, on the said day, and acknowledged his signature to the said instrument, as primary judge. On this proof, it was admitted to record, in the county of Milam, on March 21st, 1838; and again, in Freestone county, on the 15th of October, 1855.

To the admissibility of this paper, the defendants and intervenors objected: 1st, Because it was not properly proven for record. 2d, That it was not acknowledged by a proper person, or before a proper officer. 3d, That it was not recorded in the proper county, the land being situate in Robertson, at the time it was recorded in Milam. 4th, That it was not recorded in Freestone county, until after the record of the deed from said Luna to the intervenors. These objections were overruled by the court, and the said *testimonio* was read in evidence; after which, however, the plaintiff proved that, Sterne and the assisting witness to the said *testimonio* were dead, and that their signatures thereto were genuine.

The defendants offered no testimony. The intervenors introduced in evidence a deed from the said Luna to Desoto and Ferguson, for the same land, executed August 15th, 1855, and recorded in Freestone county, September 18th, 1855; and a conveyance from Desoto and Ferguson to the other intervenors, for an undivided half of the land.

The plaintiff further proved, that in 1856, Luna stated in presence of Graves, one of the intervenors, that she had informed Desoto, previous to the execution of the said deed read by them, that she had previously sold the land; and that he, (Desoto,) paid her nothing for it, but agreed to sue for it, and if he recovered the land, to give her one half of it; but if he did not recover it, he should pay all the costs. This testimony was objected to by the intervenors, but their objection was overruled. Verdict and judgment for the plaintiff. Appeal by the defendants and intervenors.

*T. J. Word*, for the appellants.

*W. C. Wilson*, for the appellee.

WHEELER, C. J.—The appellants question the authority of the primary judge, before whom the act of sale from Luna, the grantee of the land, to Whitaker, the plaintiff, was passed, of

the 14th of November, 1836. But the authority of the judge, we think, cannot reasonably admit of question. The law conferred on him the office and powers of a notary. (Act of Prov. Gov., Art. 5, 6; Hart. Dig. p. 18.) These, under the laws then in force, invested him with authority to make a record of the execution of such acts of sale, and transfers of title; and his acts were entitled to faith, as authentic acts. (Smith v. Townsend, Dallam, 569; Paschal v. Perez, 7 Texas Rep. 361.)

The manner of proving the instrument for registration in this instance, has been held by this court, sufficient for that purpose. (Edwards v. James, Id. 372.) But the admissibility of the instrument in evidence, did not depend upon this proof and registration. The execution of the instrument was fully proved upon the trial.

Upon the admissibility of evidence of the declarations of the grantee, after she had parted with the title, or executed a deed of conveyance, in the view we entertain of the case, it is unnecessary to express an opinion; though the evidence had been excluded, the result must be the same.

It is unquestionable, that the plaintiff's title is good, as against the grantee, Luna, under whom the intervenors claim by subsequent conveyances; and that he is entitled to recover, unless they are innocent purchasers, or purchasers for a valuable consideration, without notice of the plaintiff's prior conveyance. But they do not appear to have paid any consideration for the land. They cannot, therefore, be deemed to be innocent purchasers. (Watkins v. Edwards, *supra*, 443.) Though the plaintiff's deed was not recorded, they have shown no equity to entitle them to claim priority for their junior deed. To give them such equity, they must have actually expended their money innocently. It is this that creates the equity, upon which the junior deed is given a preference over the elder unrecorded deed. Having expended nothing, the intervenors have no such equity; and standing upon their legal rights, the plaintiff's is the elder title, and must prevail. The purchase-money must have been actually and truly paid. It is held, that, though it be secured to be paid, yet,

if it be not in fact paid before notice of the elder title, the plea of innocent purchaser, will not avail. (Jewett v. Palmer, 7 Johns. Ch. Rep. 65; Hardingham v. Nicholls, 3 Atk. 304.) Until payment, they have sustained no injury, to raise an equity in their favor, as against the prior unregistered conveyance; they cannot be compelled to make payment, and if they do so, with notice, it is not innocently, and does not entitle them to the protection of innocent purchasers. A strong equity arises in favor of a party who has innocently parted with his money, as against the person whose negligence has been the occasion of it. But the intervenors have done nothing to create such equity in their favor. Excluding all the evidence, which they contend was improperly admitted, they have shown no right to intervene, as against the plaintiff, or to oppose his recovery.

The case was submitted to the decision of the court, and the judgment having been rightly rendered, upon evidence which was legal and proper, though the judge may have heard evidence which was not competent, as it can have no influence upon the judgment, it is not a ground of reversal. (Apthorp v. Comstock, 2 Paige, 487, 488.) The judgment is affirmed.

Judgment affirmed.