HENRY F. CLAYTON v. N. M. McKINNON ET AL.

1. PRACTICE.— When there is sufficient competent evidence to sustain the judgment of the district court, in a cause tried without the intervention of a jury, the judgment will not be reversed on account of the erroneous admission of evidence.

2. PRESUMPTION — JURISDICTION.— Suit for partition was brought in the probate court in 1868, praying for citation against "A. B., guardian of C. D.;" the decree rendered in the cause recited that "C. D. appeared by his guardian," and the partition made, directed that "A. B. have and recover for the benefit of C. D.," etc. On objection that it did not appear from the proceedings that A. B. was in fact the guardian of C. D., and if his guardian, that his appearance in the suit for partition was not shown, held —

1. It will be presumed from the proceedings in the cause that the court had satisfactory evidence of the guardianship of A. B.

2. It will be presumed that the guardian appeared either in person or by attorney.

3. EQUITY.— A guardian used the means of his ward to purchase land and took the deed in his own name. A subsequent guardian brought suit, not for the land, but on a monied demand for the means invested in the land, and obtained judgment, to satisfy which the land was sold under an order of court. In a suit by the ward for the land against subsequent purchasers, who had made improvements in good faith without notice, *held* —

1. The ward was precluded from recovering by the action of the last guardian in obtaining a recovery on a monied demand.

2. The ward had no such equity as would enable him to disturb the purchasers in possession.

APPEAL from Fayette. Tried below before the Hon. L. W. Moore.

Suit by Henry F. Clayton, the appellant, for an undivided interest in 988 acres of land deeded to his deceased mother, Charlotte Clayton, by Keziah Taylor, on July 26, 1877. N. M. McKinnon, and quite a number of others, who were alleged to be in possession, were made defendants.

Plaintiff alleged that his mother died intestate in 1857, leaving surviving her five children; that N. M. McKinnon qualified as the administrator of her estate and administered thereupon until its close; that during the progress of administration the land of the estate was sold under a decree of partition; that J. L. Smith bought 422 acres and A. M. Hanna about 566 acres, both tracts having been sold on twelve months' credit; each of said purchasers executed his note for the purchase money therefor; that purchase money was never paid; that shortly prior to the sale of the land, three of the chilren and the plaintiff being minors, their father, Henry R. Clayton, was made their statutory guardian; that after the sale, the administrator delivered to the guardian the note of John L. Smith, who, instead of collecting same, bought with it from Smith the same tract of land for which the note was originally executed, and in addition thereto the guardian executed his individual note for $200 to Smith.

That the plaintiff having arrived at his majority on the 26th of December, 1876, elected to sue and does sue for his interest in the land; that the sale of the tract of land, sold to A. M. Hanna, upon the application of the administrator, in which Hanna concurred, was by the probate court set aside and vacated; that upon the vacation of the sale, A. M. Hanna reconveyed the land to the estate of Charlotte Clayton, deceased; that all the debts of the estate were paid; praying that the court cancel and vacate the deeds of those in possession of said land, who are claiming same in derogation of the rights of plaintiff and his co-heirs.

The defendant, Henry Schafer, by his first supplemental answer, filed May 15, 1878, which will indicate most of the other defenses, presented:

1. The admission that, upon the vacation of the sale of the tract of land purchased by A. M. Hanna, the title thereto reverted to the estate of Charlotte Clayton.

2. That at the April term, 1868, of the probate court, a partition was effected of said land among the heirs of said Charlotte Clayton. That to Authora McKinnon, she being one of said heirs, a portion of said land was set aside.

3. That for a valuable consideration and in good faith, he, defendant, purchased his portion of said land from said Authora McKinnon; that he had no notice of any outstanding title to said land.

4. Admitted the sale of the 422 acres of the land to John L. Smith, and the sale thereof by said John L. Smith to H. R. Clayton by a deed of conveyance, reciting a money consideration, and not disclosing any trust or equitable title in the wards of H. R. Clayton.

5. That if the land was bought by said Clayton with the funds of his wards, that after his death the guardian of the plaintiff and the guardian of his co-heirs elected to reclaim the funds of their wards by their presenting claims for money against the estate of their former guard-

ian, and asserting a lien on said tract of land, which was recognized and judicially foreclosed for their benefit.

6. That at the January term, 1868, of the probate court, plaintiff's guardian and the guardian of his co-heirs, and John L. Smith, appeared in court as creditors of the estate of H. R. Clayton, for the purpose of enforcing their respective liens on the land; that the court decreed the sale of the land; that Neill M. McKinnon, guardian of Eveline, Lucinda and Charlotte E. Clayton, the co-heirs of plaintiff, by virtue of an order of said court, bought 307 acres; that Henry Schawe, John Mernitz, F. Mernitz and W. Hahnke bought 115 acres of said land; that the sale was confirmed by the court at its April term, 1868.

7. That under a decree of the probate court he bought 107 acres, which sale was confirmed; that the several judgments are still in force.

8. A disclaimer to any interest in the land sued for, except the portions claimed by him.

9. Adverse possession in good faith by him, and those under whom he claimed, for more than one year before the suit was brought.

10. Permanent and valuable improvements.

On the 15th of May, 1878, plaintiff filed his first supplemental petition, by which he presented:

1. That he ought not to be precluded from maintaining his action by reason of the matters pleaded by each of the defendants; because, while the proceedings and the decrees were being had in the probate court, he was a minor; and because the proceedings were had without personal service upon plaintiff.

The defendant, N. M. McKinnon, by his second supplemental answer, filed on the 15th of May, 1878, presented:

1. The adoption by him of all the pleas and answers of his co-defendants.

2. A general denial by him and all his co-defendants to plaintiff's first supplemental petition.

3. That E. L. Alford, administrator of the estate of H. R. Clayton, received for plaintiff's benefit the proceeds of the sale of 422 acres of land; that the proceeds were either accounted for or are ready to be accounted for to plaintiff.

4. That plaintiff ought not to reclaim property without tendering the proceeds thereof.

Judgment for defendants, ordering partition of the 338 acres of land, as prayed for by defendants, a jury being waived.

A note was read in evidence purporting to be a vendor's lien upon the 422 acres of land bought by John L. Smith on the 6th day of December, 1859, from the administrator of Charlotte Clayton's estate, for which John L. Smith executed his promissory note to said McKinnon for $2,856.65, which note was, on the 11th of January, 1862, delivered by McKinnon to H. R. Clayton, as the guardian of the minor children of Charlotte Clayton, for their benefit and as an advancement to them.

On the 11th day of January, 1862, the guardian purchased from John L. Smith the same 422 acres of land, and as the consideration therefor, the guardian returned to Smith the note for $2,856.65, and in addition thereto executed to Smith his individual note for $200. Said 422 acres of land were adjudged by a decree of the district court to be the property of the minor children of Charlotte Clayton.

*A. Haidusec,* for appellant.

I. The probate court, being a creature of statute with limited jurisdiction, had no authority to adjudicate upon the equitable title of Charlotte Clayton's heirs to the said 422 acres of land, in a cause to which they were not made parties. Channel *v.* Bruly, 45 Tex., 8; Denison *v.* League, 16 Tex., 400; Allison *v.* Shilling, 27 Tex., 450; Cannon *v.* McDaniel, 46 Tex., 304.

II. The decree of the probate court, based upon the petition of N. M. McKinnon, the guardian of Lucinda, Eveline and Charlotte E. Clayton, is an absolute nullity as regards the rights of H. F. Clayton. because the court did not have jurisdiction over the person of said H. F. Clayton, he having been in no way made a party to said decree, nor to the petition upon which the said decree was based.   Channel v. Bruly, 45 Tex., 8; Allison v. Shilling, 27 Tex., 450; Denison v. League, 16 Tex., 400; Morrison v. Loftin, 45 Tex., 17.

III. A decree of the probate court confirming the proceedings had in said court under which the land to which Henry F. Clayton, the plaintiff, had an equitable title was sold, and to which proceedings he was not made a party, did not divest the title out of said Henry F. Clayton and vest it in the defendants.   Morrison v. Loftin, 45 Tex., 17; Channel v. Bruly, 45 Tex., 8; Allison v. Shilling, 27 Tex., 450; Denison v. League, 16 Tex., 400; Barrett v. Barrett, 31 Tex., 344; Lockhart v. Ward, 45 Tex., 227.

IV. None of the allegations of said petition disclose that a citation was asked for Henry F. Clayton, nor do they disclose the fact that he was served with notice by publication, as is prescribed by statute in such cases. Pasch. Dig., art. 1357; Littlefield v. Tinsley, 26 Tex., 353; Oliver v. Robertson, 41 Tex., 422; Newland v. Holland, 45 Tex., 588; Millican v. Millican, 24 Tex., 439.

*Teichmuller, Dunn & Meerscheidt,* for appellees.

GOULD, ASSOCIATE JUSTICE.— 1. As this case was tried by the court without a jury, and as we are of opinion that there was competent evidence sufficient to authorize the judgment rendered, it is not necessary to examine the numerous assignments of error to the action of the court in admitting evidence objected to; for in such a case the erroneous admission of evidence would not require a re-

versal of the judgment. Melton *v.* Cobb, 21 Tex., 539; Beaty *v.* Whitaker, 23 Tex., 526; Smith *v.* Hughes, 23 Tex., 248.

2. We are of opinion that the appellant, by his guardian, John W. Clayton, was a party to the proceedings of the county court of Fayette county, had in 1868, on the petition of Authora McKinnon, partitioning a part of the estate of Charlotte Clayton; and that the partition then made was valid as to the plaintiff. The petition prayed for citation to "John W. Clayton, of Liberty, Texas, as guardian of H. F. Clayton;" the decree ordering partition recites that "the minor Henry F. Clayton appeared by his guardian," and the decree confirming the partition made by the commissioners directs that "John W. Clayton, guardian of Henry F. Clayton, . . . have and recover for the use and benefit of said Henry F. Clayton," etc. The court making these decrees must be presumed to have had satisfactory evidence that John W. Clayton was such guardian; and from the recitals it must further be presumed that said guardian appeared either in person or by attorney.

3. Henry R. Clayton having used means of his son and ward, Henry F., in buying in his own name the 422 acres of land, he, and those holding under him with notice of that fact, held the legal title subject to the equitable right of Henry F., to so much of the land as had been paid for with his means. But there was evidence sufficient to support a finding of the court that John W. Clayton, the subsequent guardian of Henry F., instead of enforcing this equitable right to a part of the land, prosecuted a monied demand for the means thus used against the estate of Henry R. Clayton; that to satisfy this and other monied claims established against said estate as liens on the land, said 422 acres were regularly sold under order of court by the administrator; that part of the proceeds was paid over by said administrator to said guardian, and

that the land has by repeated sales passed into the hands of purchasers, who have made large improvements. There is no evidence that the guardian in taking this course acted in bad faith, or even acted improvidently, nor that these purchasers had any notice that the equitable claim of the plaintiff would or could be urged, after this action of his guardian. In this state of the facts, we are of opinion that the plaintiff was bound by the election of his guardian, and that he had no such right to the land as entitled him to disturb the defendants, who were in possession holding the legal title. Dancy *v.* Stricklinge, 15 Tex., 563; Hartwell *v.* Jackson, 7 Tex., 582.

AFFIRMED.

[Opinion delivered January 11, 1881.]