James A. McGaughey v. John Meek and Leander Painter.

(No. 1268, Op. Book No. 2, p. 498.)

Appeal from Hood County.    Opinion by Walker, R. S., P. J.

§ 1195. *Trial by judge; rules applicable to review of.* Where a cause has been tried by the judge without a jury, the rules applicable to the review of the judgment and record will not require a strict consideration of the questions raised as to the admissibility of the evidence. It will be presumed that the judge discriminated between that which was relevant and properly admissible, and such as was not so; and if there is sufficient legal and proper evidence to support the judgment, it will not be reversed because improper or illegal testimony was admitted. [Smith v. Hughes, 23 Tex. 248; Melton v. Cobb, 21 Tex. 539.]

§ 1196. *Exempt property; suit for damages for sale of, under execution; no defense that defendant had a lien on the property; judicial sales.* Meek had a judgment against McGaughey, upon which he caused an execution to be issued and placed in the hands of Painter, a constable, who levied the same upon some corn and wheat and a wagon, which property McGaughey, being the head of a family, notified the officer at the time of the levy was all the property of that kind he owned, and was therefore exempt. The property was sold against the protest of McGaughey, and the proceeds of sale applied to Meek's execution. McGaughey then brought this suit against Meek and Pearson to recover damages for the trespass. Meek pleaded in defense that he had a landlord's lien upon the corn and wheat, and a verbal lien on the wagon for the purchase money thereof. Appellant's exceptions to this answer were overruled, and judgment was rendered in favor of defendants. *Held*, the property was exempt from forced sale for debt. [R. S. 2335.] Ju-

dicial sales have the effect to make an involuntary transfer of the property of the citizen, and the true course of law requires primarily that the facts be ascertained judicially, and adjudicated, upon which such consummation of rights in property shall rest. A mere judgment for debt will not afford an adequate basis on which to rest a judicial sale of exempt property. Ample statutory provision is made for the satisfaction of liens on property by sale of the property under judicial decrees. If Meek had the liens upon the property, as alleged by him, that fact did not authorize him to sell the property. The power and authority to levy upon and sell such property is derivable from a proper judgment or decree of a court having jurisdiction of the subject matter. The facts set up in defendants' answer, in regard to the unadjudicated liens upon the property, did not constitute a defense, either in justification or in mitigation of the damages, and the court erred in not sustaining the exceptions thereto.

§ 1197. *Exempt property; sale of, under execution; damages.* The unauthorized, unlawful seizure and sale of exempt property, with notice of its character, under the objections and protest of the owner of it, and who was the head of a family, was a violation of right; it constituted a trespass. Such facts being established, entitled the plaintiff to recover at least nominal damages and costs of suit. [Yarborough v. Tate, 14 Tex. 483.] It follows that he was entitled to recover the actual damages sustained by him, if any; and also exemplary damages, if, under the rules of law governing the subject, the acts of the defendant or defendants, as the case might be, rendered them amenable to their infliction. In estimating plaintiff's damages, if any, the amount of his indebtedness to the defendant, which was satisfied by the sale of property, is to be taken into account, and credited upon such damages.

October 29, 1881.          Reversed and remanded.