St. Louis, Ark. & Tex. R'y Co. v. W. M. Ticer.

(No. 2980.)

Appeal from Hopkins County. Opinion by White, P. J.

Perkins, Gilbert & Perkins, counsel for appellant.

No counsel appeared for appellee.

§ 402. *Parties plaintiff; husband may sue alone for damages for injury to wife's separate property; children of wife by former husband not necessary parties in such suit.* Appellee brought this suit in his own name and right to recover of appellant damages for property destroyed by fire through the negligence of appellant's employees in operating its trains. Some of the damages claimed were for the destruction of portions of the realty, as a fence, house, trees, etc. He recovered judgment. On the trial the evidence developed that the realty injured was the property of his wife and her children by a former husband, and that the same was occupied by appellee and said wife and children as a homestead at the time of said fire. Appellant claims that said wife and children are necessary parties plaintiff in this suit, and that because of their non-joinder the judgment is erroneous. *Held:* The wife and children are not necessary parties. A contrary doctrine was at one time held by this court. [2 App. C. C. § 780.] But that decision was subsequently overruled, this court following the doctrine laid down by the supreme court in R'y Co. v. Zimmerman, 61 Tex. 660 [*ante,* § 15]. A surviving widow is entitled during her life-time to the exclusive possession and enjoyment of the homestead [Const. art. 16, sec.

52; R. S. art. 2004]; and the children could not, during said time, enforce a partition of the homestead while she occupied it. [Foreman v. Meroney, 62 Tex. 723.] Her interest in the homestead is the same as if it were her separate property, except as to its absolute sale and alienation in derogation of the rights and interests of the children. The husband may sue for the recovery of the wife's separate property and recover damages occasioned by an injury to such property. [R. S. art. 1204; R'y Co. v. Medaris, 64 Tex. 92.] He has the sole management of her separate property during the marriage. [R. S. art. 2851.] No reason is perceived why he cannot maintain an action in his own name for injuries done to the homestead, the property of his wife, during the marriage and while she occupies the same as a homestead.

§ 403. *Illegal evidence; admission of, not reversible error when cause is tried by the judge.* When a cause is tried by the judge without a jury, the rule is well settled that, where there is sufficient competent evidence, the judgment will not be reversed on account of the erroneous admission of incompetent evidence. [Melton v. Cobb, 21 Tex. 539; Beaty v. Whittaker, 23 Tex. 526; Smith v. Hughes, id. 248; Clayton v. McKinnon, 54 Tex. 206; 1 App. C. C. §§ 718, 967, 1062, 1195, 1219, 1336.]

November 21, 1888.                              Affirmed.