MARY E. HALE v. L. P. TERRELL ET AL.

(No. 5975.)

APPEAL from Wise County.    Opinion by WHITE, P. J.

CHARLES SOWARD, counsel for appellant.

No counsel appeared for appellees.

§ **455.** *Cause tried by judge; rules as to incompetent evidence in such case; case stated.*   Appellees sued appellant to recover a piano, and sued out a writ of sequestration, which was executed by the seizure of the piano, and thereupon appellant replevied said piano. The cause was tried by the judge and judgment rendered in favor of appellees against appellant for the specific property, the piano, and also against appellant and the sureties on her replevy bond for $272.50, the value of said piano, and for all costs. Most of appellant's bills of exception relate to rulings of the court upon the admissibility of evidence. *Held:* "In trials of fact, without the aid of a jury, the question of the admissibility of evidence can seldom be raised, since, whatever may be the ground of the objection, the evidence objected to must of necessity be heard or read by the judge in order to determine its character and value. In such cases the only question, in effect, is the sufficiency and weight of the evidence." [1 Greenl. Ev. § 49.] On appeal, in such case, a judgment will not be reversed because incompetent testimony has been admitted, if there be sufficient legal testimony to support it; and the determination of facts by the judge is entitled to the same consideration as the verdict of a jury; and such determination will not be interfered with when the evidence is conflicting, as it is in this case, there being sufficient evidence to warrant the findings of the judge. [Bailey v. White, 13 Tex. 114; Galliard v. Chessney, i... 337; Beaty v. Whitaker, 23 Tex. 526; 1 App. C. C. §§ 718, 967, 1015, 1155, 1188, 1195, 1219.]

**§ 456.** *Judgment in sequestration suit where defendant has replevied property and plaintiff recovers.* When property seized under sequestration has been replevied by the defendant, the replevy bond is required to be returned with the writ to the court from whence such writ issued; and, in case the suit is decided against the defendant, judgment shall be entered against all the obligors on said bond jointly and severally for the value of the property. [R. S. art. 4501.] Such judgment may be discharged by the defendant by a return of the specific property within ten days after the rendition of the judgment, such return to be made to the sheriff or constable of the court in which the judgment was rendered. [R. S. art. 4502.] In this case the judgment rendered by the trial court is not in accordance with the statute, and it is here reformed so as to give appellees a judgment against appellant and the sureties upon her replevy bond for $272.50, together with interest and all costs, allowing appellant ten days after the mandate of this court herein shall have been filed in the trial court within which to return the specific property, which, if returned within said time, shall be credited to the amount of the value thereof upon said judgment.