### W. B. WARD v. G. J. ARMISTEAD.

Delivered November 20, 1897.

**1. Practice on Appeal.**

A judgment in an action tried by the court will not be disturbed on appeal because incompetent evidence was admitted, where there is competent evidence on which the judgment might have been based.

**2. Attorney Fee—Contract—Quantum Meruit.**

One who employs an attorney and receives the benefit of his services without having fixed by contract the amount to be paid therefor is liable for the reasonable value of such services.

**3. Practice on Appeal—Trial Court's Conclusions of Fact Necessary, When.**

An objection that the amount realized by the defendant out of the litigation in which he employed plaintiff, for his services in which plaintiff brings suit, can not be considered on appeal, in the absence of the conclusions filed by the trial judge.

APPEAL from Marion. Tried below before Hon. J. M. TALBOT.

*R. R. Taylor*, for appellant.

*George T. Todd, V. D. Todd,* and *G. J. Armistead,* for appellee.

FINLEY, CHIEF JUSTICE.—This was an action brought in the District Court of Marion County, Texas, by the appellee, G. J. Armistead, against the appellant, W. B. Ward, for the recovery of an attorney's fee of $550. On April 15, 1896, appellee filed in said District Court his petition, alleging in substance that appellee was, on or about February 5, 1894, an attorney at law, and as such, at the request of appellant, did and performed certain labor and service in a certain cause on the chancery docket of the Federal court in and for the Eastern District of Texas, at Jefferson, Texas, wherein the National Bank of Commerce of Kansas City, Mo., was plaintiff, and the said appellant W. B. Ward one of the defendants. That appellee, at the special instance and request of appellant, represented the interest of appellant in said cause, and on appeal to the Circuit Court of Appeals, at New Orleans. That appellant accepted said services and promised to pay appellee what said services were reasonably worth; that said services were of the reasonable value of $550.

On June 9, 1896, appellant filed his answer, consisting of general and special exceptions, general denial, and special answer setting up that if appellee was ever employed at all, the same was done for the purpose of getting the services of W. T. Armistead, the brother of appellee, and who was an old and experienced lawyer, and the said W. T. Armistead was representing the Kildare Lumber Company in said litigation, and with the full understanding between the appellee and appellant and the said W. T. Armistead, appellant authorized appellee to answer in said cause for him. That there was no necessity for any further appearance in said cause. That after the decree of the said Circuit Court was rendered, appellant told appellee that he did not want to prosecute said cause on appeal to the Circuit Court of Appeals, and if appellee filed a brief in said cause on appeal, he was not authorized to do so by appellant. That appellee's suit for $550 was excessive, unreasonable, and unjust, and ought not to be maintained.

December 31, 1896, said cause was tried upon its merits before the court, and resulted in a judgment in favor of plaintiff for the sum of $500, together with 6 per cent interest and all costs of suit. From this judgment the defendant Ward has appealed to this court.

*Conclusions of Fact.*—The evidence warranted the trial judge in reaching these conclusions:

1. The appellant employed appellee as an attorney to represent him in a litigated case, as alleged by the plaintiff in his petition.

2. Appellee in good faith performed the services for which he was engaged by appellant.

3. There was no agreement as to the amount which appellee was to receive as compensation for his services, but the evidence showed that his services were reasonably worth the sum awarded him by the judgment, to wit, $500.

*Conclusions of Law.*—The appellant having employed appellee as an attorney and received the benefit of his services, and not having fixed by contract the sum to be paid therefor, is legally bound to pay the reasonable value of such services.

The case was tried by the court without a jury, and the record contains no conclusions of the trial judge.

The first assignment of error complains of the admission of evidence. If we were to concede that the evidence was inadmissible, which we do not, we would not reverse the judgment on this account, for the reason that there was other evidence upon which the judgment might have been based, and in such case it will be presumed that the court decided the case upon the competent evidence.

The second assignment complains that the court did not consider the amount realized by the appellant out of the litigation wherein appellee rendered services as an attorney. In the absence of conclusions filed by the trial judge, there is no basis for this assignment. Rule 27 reads as follows: "In cases submitted to the judge upon the law and facts, the assignments of error shall be governed by the same rules as in other cases, and the party desiring to appeal should, as a predicate for specific assignments of error, request the judge to state in writing the conclusions of fact found by him separately from the conclusions of law. And in agreed cases under the statute, the foregoing rules as to assignments of error shall be complied with as far as practicable."

The third assignment complains that the amount recovered is excessive. This contention is not borne out by the record.

No other errors are assigned.

The judgment is affirmed.

*Affirmed.*