### VIDAL GARCIA v. JOHN D. CLEARY.

Decided April 29, 1908.

**1.—Appeal—Statement of Facts—Act Construed.**

Under the requirements of the Act of 1907 (Gen. Laws 1907, page 509 et seq.) a statement of facts should not be copied into the record on appeal, but the original should be sent up. This provision is mandatory, and applies to every statement of facts, whether made by the parties or by the official stenographer, or by the court in case of disagreement.

**2.—Trial without Jury—Admission of Improper Evidence—Harmless, when.**

When a case is tried by a court without a jury, the admission of incompetent testimony will not require a reversal of the judgment when there is sufficient evidence to sustain the judgment, regardless of the improper evidence.

**3.—Contested Election—Appointment of Supervisors.**

The law concerning the time within which application must be made for the appointment of supervisors of an election is not merely directory.

**4.—Same—Evidence.**

In an action contesting an election, evidence considered, and held insufficient to justify the court in setting aside the election or ousting the contestee from office.

Appeal from the District Court of Duval County. Tried below before Hon. W. B. Hopkins.

*J. C. Scott* and *John I. Kleiber,* for appellant.

No brief for appellee.

FLY, ASSOCIATE JUSTICE.—Appellant instituted suit in the District Court of Duval County, seeking to have an election held for county tax assessor declared void and a new election ordered, or to oust appellee from the office and that appellant recover the same and have judgment for the fees and emoluments of the office. The cause was tried by the District Judge and judgment rendered in favor of appellee as follows:

"This cause coming on to be heard in its regular order on the docket of the District Court of Duval County, came the contestant, Vidal Garcia, in person and by his attorneys, and also came the contestee,

John D. Cleary, in person and by attorney, and both parties announced ready for trial; and the court having heard and considered the pleadings and the evidence submitted thereunder and the argument of counsel, thereon, finds as follows:

"1. That of the 327 ballots cast in precinct No. 1 of Duval County, at the general election in 1906, there were 111 unnumbered ballots, which were included in the count of the officers of said precinct; and that 96 of said unnumbered ballots were for the contestee and 9 for the contestant.

"2. That of said 327 ballots in said precinct No. 1, as cast at said election, there were 4 duplicated numbered ballots, of which 3 were for the contestee and 1 for contestant.

"3. That after eliminating the 111 unnumbered ballots and the 4 ballots with duplicate number, the facts show that contestee received in said precinct No. 1, at said election, 112 legal and uncontested ballots, and that contestant received 28 legal and uncontested ballots.

"3½. That of 65 ballots claimed by both contestant and contestee, as having been cast for them, respectively, contestant received 34 and contestee 31, which said ballots are not considered by the court in reaching its final estimate.

"4. That the election and the returns thereof as held and returned from the other precincts in Duval County were in all respects legal, and that the contestant and contestee received and are entitled to have counted for them, respectively, the vote from each of said precincts, as stated in the pleadings upon which this cause was tried.

"5. That there was no fraud committed in the conduct or management of said election, nor were there any irregularities therein, such as would justify this court in declaring said election void.

"6. That it is possible from the returns of said election, and from the evidence submitted and within reach of the court, to ascertain the true result of said election, as between the contestant and the contestee, and that the true result thereof as above shown is in favor of the contestee.

"7. That as a matter of law this court has no authority to consider or estimate the 115 ballots mentioned in paragraphs 1 and 2 of this judgment, wherefore it is ordered, adjudged and decreed that the contestee, John D. Cleary, go hence without day, and that he recover of and from the contestant, Vidal Garcia, all costs in this behalf incurred, for which let execution issue; to all of which judgment and decree contestant then and there, in open court, by his counsel, excepted, and on account of the fact of its being too late to file a motion for a new trial at this term, he files no motion, and in open court gives notice of appeal to the Court of Civil Appeals in and for the Fourth Supreme Judicial District, at San Antonio, Texas; and time therefor having been requested by contestant he is now by the court granted 20 days after the adjournment of this court to prepare and file bills of exception and a statement of facts in this cause."

A motion has been filed in this case to strike out the statement of facts because the original was not sent up but merely copied into the record. Under the Act of the Legislature of 1907 (p. 509, et seq.), it is provided that the court stenographer shall make up dupli-

cate statements of fact, when requested by the party appealing or his attorney of record, in narrative form and that it shall not be necessary to copy the statement of facts in the transcript, but the original shall be sent up. It might be contended with some force that under section 5 of the Act it was intended to leave it optional with the appellant as to copying the statement of facts in the transcript, but in section 15, which permits parties to prepare statements of facts independent of the official stenographer, it is stated in no uncertain terms that "no statement of facts shall be incorporated in the transcript on appeal, but the original shall be sent up therewith." That provision is mandatory and is broad enough to cover every statement of facts whether made up by the parties, or by the official stenographer, or, in case of disagreement, by the court. No statement should be incorporated in the transcript, and the original must be sent up with the transcript.

We have deemed it proper to construe the Act in question, for, in spite of the fact that the Legislature seems, from the last section of the Act, to have labored under the impression that it was leading the people "in paths they have not known" and making "crooked things straight," the confusion seems worse confounded, and some transcripts are coming up with the statements of facts separate and others with them incorporated therein, and in whatever way they come, motions to dismiss almost surely follow. In view of this confusion, while sustaining the motion to strike out, made in this case, we have permitted the filing of the original statement of facts, which under a strict construction of the statute should accompany the transcript on appeal.

There was evidence tending to show that appellee received a clear majority of the legal ballots cast at the election of November 6, 1906, for the office of tax assessor, and that he was entitled to hold the same. It developed during the trial of the cause that 111 ballots cast in precinct number one had not been numbered by the presiding officers of the election, but he had only written his name on the back of each one of the ballots and had written thereon "voted." When the ballots were offered the court stated that he would admit them and afterwards determine whether they should be counted or not, and in his qualification of the bill of exceptions taken to his action in admitting the ballots the court states that the ballots were excluded from the count of the total ballot, as fully appears in the judgment of the court. When a case is tried by a court without a jury, the admission of illegal or incompetent testimony will not require a reversal of the judgment when there is sufficient evidence to sustain the judgment regardless of the improper testimony. Melton v. Cobb, 21 Texas, 539; Smith v. Hughes, 23 Texas, 248; Beaty v. Whitaker, 23 Texas, 526; Clayton v. McKinnon, 54 Texas, 206; Schleicher v. Markward, 61 Texas, 99; Beham v. Ghio, 75 Texas, 90; Andrews v. Key, 77 Texas, 35; Barth v. Green, 78 Texas, 678; Moore v. Kennedy, 81 Texas, 144. The following language used in the cited case of Barth v. Green is peculiarly appropriate: "There was error in admitting the declarations of Quinn made out of the presence of the plaintiff, but as the court excluded such declarations from his consideration in forming his

judgment upon the merits, the mere introduction of the evidence did not constitute reversible error."

There is no merit in the second assignment of error. The facts sustained the judgment of the court. No application was made for the appointment of supervisors "not less than five days before the general election" by the chairman of the political party to which appellant belonged, as required and permitted by section 59 page 183, Sayles' Civ. Stats. 1906. The County Judge testified that he refused to appoint the supervisors because application for their appointment was not made within the time prescribed by law. We do not deem the law merely directory as to the time for application for the appointment of supervisors.

There was testimony tending to show that the 111 ballots were not numbered through the ignorance of the judge of the election who received them. The burden rested upon appellant to show that the election was null and void, or that he had received a majority of the ballots legally cast. While he showed some irregularities and proved some suspicious circumstances, we do not think they were sufficient to justify a court in setting aside an election or the award of the Commissioners' Court and ousting a citizen from office, and therefore the judgment of the District Court is affirmed.

*Affirmed.*