CAROTHERS et al. v. FINLEY et al.*
(No. 875.)

(Court of Civil Appeals of Texas. El Paso. Dec. 12, 1918. Rehearing Denied Jan. 16, 1919.)

1. SALES ⚙➡420 — BUYER'S ABILITY AND READINESS TO PERFORM — QUESTION FOR JURY.

In suit for breach of contract, whereby defendants agreed to sell and deliver to plaintiffs 1,000 cows and calves, whether plaintiffs were ready and able to pay for cattle tendered by defendants *held*, under the evidence, for the jury.

2. TRIAL ⚙➡191(1)—QUESTIONS FOR JURY— WEIGHT OF TESTIMONY.

It is improper to assume as a proven fact a material issue supported only by the uncorroborated testimony of one of plaintiffs, especially where there is evidence warranting a contrary inference.

3. APPEAL AND ERROR ⚙➡499(3) — RECORD — EXCLUSION OF TESTIMONY—OBJECTIONS.

Where bill of exceptions fails to disclose objection made to introduction of testimony, action of trial court in regard thereto cannot be reviewed.

4. APPEAL AND ERROR ⚙➡1059—EXCLUSION OF TESTIMONY—HARMLESS ERROR.

Where, under charge given, ability of plaintiffs to perform was assumed, no possible error could have occurred by reason of exclusion of testimony of such ability.

5. SALES ⚙➡83—PERFORMANCE BY SELLERS— EVIDENCE.

Under contract for sale and delivery of 1,000 head of cattle, from 500 to 700 to be delivered on or about June 15th, balance, etc., defendant sellers were not required to make first delivery in one herd, and, if they tendered at least 500 cattle on or about said date, they would have complied with contract.

6. EVIDENCE ⚙➡518 — OPINION AS TO MERCHANTABILITY—ADMISSIBILITY.

In suit for breach of contract relating to merchantable cattle, where a witness had qualified as an expert, there was no error in permitting him to testify what was meant by "merchantable cattle."

Appeal from District Court, Reeves County; Chas. Gibbs, Judge.

Suit by A. B. Carothers and another against G. B. Finley and another. Verdict for defendants, judgment accordingly, and plaintiffs appeal, and defendants cross-assigned error. Affirmed.

J. W. Parker, of Pecos, and J. A. Buck, of Crosbyton, for appellants.

Jas. F. Ross, of Pecos, for appellees.

HIGGINS, J. Appellants brought this suit against appellees to recover the sum of $8,000, alleged to have accrued as damages for breach of contract. It was alleged that appellants and appellees entered into a contract whereby appellees agreed to sell and deliver to appellants 1,000 cows and calves, the first delivery to be made on or about June 15, 1917, and to consist of from 500 to 700 head, and the balance to be delivered on or about October 15, 1917, delivery to be made at Riverton, Tex.; that the contract provided for a cash payment of $4,000, which was made, and that the balance of the purchase price was to be paid upon delivery, and that, in case of a breach of the contract on the part of appellants, appellees were to retain the $4,000 paid as liquidated damages, and, in case appellees breached the contract, they were to pay appellants $4,000 as liquidated damages; that the contract provided the cattle were to be merchantable, i. e., all unmerchantable cattle were to be cut out before the 10 per cent. cut provided for in the contract was made; that the contract provided for a 10 per cent. cut back in favor of appellants; the cattle were to be of an average of the cattle purchased by appellees from W. D. Hudson; that appellees notified appellants they would make the first delivery on either the 17th or 18th of June, 1917, and to be ready to receive and pay for the cattle; that on said date appellants were at Riverton, in a position to receive and pay for the cattle, and appellees only had there 409 head to deliver, instead of from 500 to 700 head, as provided in the contract; that the cattle tendered were not merchantable and were not an average of the Hudson cattle; that they were weak, in bad condition, many of them very old, and not such cattle as was contemplated by the contract; that appellants refused to accept and pay for the cattle tendered, because an insufficient number was tendered and on account of the condition thereof; that appellants were ready, willing, and able to perform the conditions imposed upon them by the contract.

Appellees answered by general denial, and a special plea admitting the execution of a contract with appellants, substantially as stated in the petition, but that by a subsequent parol agreement the same had been modified as to the terms of the first delivery. Exceptions to the special plea were sustained by the court. Upon trial before a jury, the court, in substance, gave the following charge:

⚙➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

209 S.W.—51　　　　　*Writ of error denied March 19. 1919.

If the jury believed that the cattle tendered by defendants to plaintiff at Riverton on June 17, 1917, were not of the average of the Hudson cattle, and that defendants could not or would not have delivered to plaintiffs at Riverton, Tex., within a reasonable time after June 15, 1917, as many as 500 head of cows and calves, of the average of the Hudson cattle, in a merchantable condition (but for the refusal of the plaintiff), then to find for the plaintiffs; but; if they found that the cattle tendered at Riverton on June 18, 1917, were of the average of the Hudson cattle, and that the same were in a merchantable condition, and that defendants could have and would have delivered to plaintiffs at Riverton as many as 500 head of an average of the Hudson cattle within a reasonable time after June 18, 1917, and in a merchantable condition (but for the refusal of the plaintiffs), and that plaintiffs would not suffer loss or injury by reason of the delay in delivery, then to find for defendants.

Verdict was returned in favor of Finley and Anderson, and judgment accordingly rendered.

### Opinion.

[1, 2] Error is first assigned to the refusal of the court to give a peremptory instruction in favor of appellants. This charge was properly refused for the reason that it was an issue of fact whether or not the plaintiffs were ready and able to pay for the cattle tendered. The only evidence in the record to establish the readiness and ability of appellants to pay for the same is the testimony of one of the plaintiffs, who was, of course, interested. It is improper to assume as a proven fact a material issue supported only by the uncorroborated testimony of such an interested party. Thomas v. Saunders, 150 S. W. 769; Gonzales v. Adoue, 56 S. W. 543; Turner v. Grobe, 24 Tex. Civ. App. 558, 59 S. W. 585; Insurance Co. v. Villeneuve, 29 Tex. Civ. App. 128, 68 S. W. 203; Ry. Co. v. Lucas, 148 S. W. 1149. Furthermore there is other evidence in the record which would have warranted the jury in finding that appellants were not ready and able to pay the purchase price of the cattle at Riverton when the first tender of delivery was made. In this condition of the record the peremptory instruction was properly refused.

[3, 4] Error is next assigned to the refusal of the court to permit one of the plaintiffs to prove the amount and value of his property as a circumstance tending to show his ability to perform the obligations imposed upon him by the contract. The bill of exceptions fails to disclose the objection made to the introduction of the testimony, and therefore the action of the trial court in regard thereto cannot be reviewed. Ry. Co. v. Jarrell, 38 Tex. Civ. App. 425, 86 S. W. 632; Grinnan v. Rousseaux, 20 Tex. Civ. App. 19, 48 S. W. 58, 781; Bank v. Smith, 160 S. W. 311; Ry. Co. v. Holzer, 127 S. W. 1062. However, under the charge actually given by the court, the ability of the plaintiffs to perform was assumed. No issue in that respect was submitted to the jury for their determination, and the plaintiffs' right to recover by the charge of the court was conditioned upon facts distinct from their financial readiness and ability to perform the contract. No possible error, therefore, could have accrued to the appellants by reason of the exclusion of the evidence.

[5] Objection to the court's charge is made upon the ground that the right of plaintiffs to recover was precluded if the jury, from the evidence, believed that the defendants could or would have delivered to the plaintiffs at Riverton, Tex., within a reasonable time after June 15, 1917, as many as 500 cows and calves. The point is made that the contract sued upon called for two deliveries only, the first to be made on or about June 15, 1917, and to consist of at least 500 head; and the uncontroverted evidence shows that on said date appellees tendered only 399 head. The contract provides:

"Deliveries as follows: From five hundred to seven hundred on or about June 15, 1917. The balance of the one thousand cows and calves on or about October 15, 1917."

We do not construe the contract as requiring appellees to deliver at least 500 head in one herd on June 15th. The evidence shows that only about 400 head was in fact tendered at Riverton on June 18th, but the evidence further shows that, when appellants declined to receive the cattle because less than 500 head were tendered, the appellees immediately offered to bring enough to make the number at least 500 head, and that they could and would have done so within a reasonable time. As we construe the contract, all that was required of appellees was to deliver at least 500 head on or about June 15th. It was not required that they be delivered in one herd, and, if they had tendered at least 500 head on or about June 15th, they would have complied with their contract. There is ample evidence in the record that less than 500 head were tendered in pursuance of the subsequent oral agreement which was pleaded by appellees. In this connection, it may be said, further, that, in our opinion, the court improperly sustained appellants' exceptions to the special pleas setting up a subsequent oral agreement, modifying the original contract as to the terms of delivery, and appellees have cross-assigned error to the court's action in sustaining such exceptions. Evidence of the modified agreement was admitted apparently without objection, but under the terms of the first contract, as indicated above, we think that appellees had a right, within a reasonable time after July 15, 1917, to tender sufficient to make up the minimum of 500 head which was to be delivered on or about that date; and if they did so, or were willing and

able and offered to do so, then they complied with their original contract. This is especially true in view of the evidence, which shows that it was not considered to be of the essence of the contract that delivery should be made upon the exact date specified.

What has been said disposes, likewise, of the fourth and sixth assignments.

The fifth and seventh assignments are supported by propositions which seem to have no relevancy whatever to the assignments, but, under any view thereof, they seem to be without merit and are overruled.

[6] The eighth assignment complains of the court's action in permitting a witness to testify to what was meant by "merchantable" cattle in that country. The witness qualified as an expert, and there was no error in admitting the testimony, for the reason that the contract related to merchantable cattle.

Finding no reversible error, the judgment is affirmed.