DAVIS, Agent, v. BOWEN.   (No. 6632.)

(Court of Civil Appeals of Texas.   Austin.
Oct. 17, 1923.)

**I. Appeal and error ⊜⇒548(5)—Admission of evidence not considered in absence of bill of exceptions.**

Alleged error in admission of evidence cannot be considered where not presented by bill of exceptions.

**2. Appeal and error ⊜⇒1054(1)—Admission of incompetent evidence in action tried by court not ground for reversal.**

Where a case was tried by the court without a jury, and the judge made no specific finding that he relied on testimony complained of as being incompetent, and there was sufficient competent testimony in the record, other than that complained of, to support the judgment, the judgment will not be reversed because of the admission of the evidence complained of.

Appeal from District Court, Brown County; J. O. Woodward, Judge.

Action by R. I. Bowen against James C. Davis, Agent.   Judgment for plaintiff, and defendant appeals.   Affirmed.

See, also, 248 S. W. 63.

McCartney, Foster & McGee, of Brownwood, for appellant.

Critz & Woodward, of Coleman, for appellee.

BLAIR, J.   This is an appeal by James C. Davis, substitute agent for Walker D. Hines, Director General of Railways while under federal control, from a judgment assessing $1,608, with 6 per cent. from date until paid, for damages resulting to a shipment of appellee's cattle from Coleman, Tex., to Texline.

Plaintiff alleged that the Director General had agreed to transport 122 head of cattle safely and securely, and with reasonable dispatch, diligence, and care, and to deliver same in good condition, but that he did not so transport said cattle, and, to the contrary, was negligent, careless, and reckless in the handling of same, in that they were delayed and kept confined in cars for an unreasonable length of time, without food or water, and that the cars were carelessly backed, starting and stopping, with great suddenness and violence, jerking and jolting the cattle, which caused them to be thrown down and trampled under the feet of other cattle in the car, and were injured to the extent of the difference in their market value had they arrived in good condition and the condition in which they actually did arrive, which was the total amount of $2,979. Plaintiff prayed for only $2,479 and costs.

Defendant answered by general answer, special exception, and general denial, and by a supplemental petition, denying all of the facts set out in plaintiff's petition.

The case was tried before the court without a jury, and the court rendered judgment for plaintiff, R. I. Bowen, against the defendant, James C. Davis, as Agent, for the sum of $1,608, with interest at 6 per cent. from date.   From this judgment this appeal is prosecuted.

Appellant raises only one question by his brief filed in this case, which is as follows:

"The testimony of a witness to the effect that, if a shipment of live stock had arrived at its destination in the condition in which it should have arrived with ordinary care and handling, is an opinion as to a mixed question of law and fact, and is not competent testimony, and is not permissible."

[1] The record does not contain a bill of exception preserving this objection; therefore we are unable to determine from the record whether such objection was made to the introduction of the evidence.   It has been the universal holding of courts, so far as we can find, that rulings of the trial court admitting evidence are not subject to review, unless preserved by bill of exception.   Therefore we cannot consider the proposition as presented by appellant in this case. Carlton v. Conkrite (Tex. Civ. App.) 249 S. W. 522;   Reilly v. Reilly (Tex. Civ. App.) 233 S. W. 379, 380;   City of San Antonio v. Newnam (Tex. Civ. App.) 201 S. W. 191; Carothers v. Finley (Tex. Civ. App.) 209 S. W. 801;   7 Michie's Enc. Digest, 104–106.

[2] We are also of the opinion that this judgment would have to be affirmed even if the trial court had admitted the incompetent testimony complained of by appellant. The cause was tried before the trial judge without a jury; upon request he filed his findings of fact and conclusions of law. There was no specific finding that he relied on any of the testimony complained of, and the record discloses sufficient competent testimony other than that complained of to support the judgment herein;   and, it being a well-settled rule of law that, where a case is tried by the court without a jury, even though incompetent testimony was admitted, where it is not shown that the trial judge was influenced thereby, the judgment must be sustained, and will not be reversed because of the admission of such improper testimony.   Ward v. Armistead, 17 Tex. Civ. App. 374, 43 S. W. 63;   Clayton v. McKinnon, 54 Tex. 206;   Melton v. Cobb, 21 Tex. 539;   Beaty v. Whitaker, 23 Tex. 526;   Smith v. Hughes, 23 Tex. 248;   Bird v. Pace, 26 Tex. 488;   Lindsay v. Jaffray, 55 Tex. 626; Ballaster v. Mann (Tex. Civ. App.) 24 S. W. 561, affirmed in 86 Tex. 643, 26 S. W. 494, citing Schleicher v. Markward, 61 Tex. 99, and Andrews v. Key, 77 Tex. 35, 13 S. W.

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

640; St. Louis S. W. Ry. Co. v. Dave Culberson (Tex. Civ. App.) 248 S. W. 111.

We are of the opinion that there is no error of sufficient merit to authorize a reversal of this case, and it is therefore affirmed.

Affirmed.

---

⬅⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes