## HINES, Federal Agent, v. BROAD. (No. 6631.)

(Court of Civil Appeals of Texas. Austin. Oct. 24, 1923.)

**Appeal and error ⚖=931(6)—Judgment presumed based on competent evidence.**

In action tried by court without a jury, it will be presumed, in the absence of a showing that the court relied on incompetent testimony, that the judgment was based on competent testimony on which it could have been rendered.

Appeal from District Court, Brown County; J. O. Woodward, Judge.

Suit by William Broad against Walker D. Hines, Federal Agent. Judgment for plaintiff, and defendant appeals. Affirmed.

McCartney, Foster & McGee, of Brownwood, for appellant.

Baker & Weatherred, of Coleman, for appellee.

### Statement.

BAUGH, J. William Broad sued the appellant in the district court of Brown county, on November 10, 1920, for damages to a shipment of 398 head of cattle from Dublin, Tex., to Fort Worth, over the Frisco Railway, and thence to Texline, via the Fort Worth & Denver Railway. The plaintiff's pleadings contain the usual allegations of negligence, delays, rough handling, etc., common to damage suits on live stock shipments, claiming

that nine head were killed and the remainder damaged $5.50 per head, aggregating a total damage of $2,814.15;. The defendant answered by general and special denial, and plaintiff filed a supplemental petition in reply. The case was tried before the court without a jury, and on February 23, 1922, the court rendered judgment for the plaintiff for $2,729, with 6 per cent. interest from that date; from which judgment the defendant appeals.

## Opinion.

The appellant raises only one question by his assignments as error, viz. that the trial court erred in permitting two witnesses to testify as to what was the market value of the cattle at point of destination had they been delivered there with ordinary care and handling. Appellant contends that what is ordinary care and handling is a mixed question of law and fact, and that such testimony is not competent, citing the case of Railway Co. v. Kimble, 49 Tex. Civ. App. 622, 109 S. W. 234.

The record contains no bills of exception showing that such testimony was objected to at the time, and appellate courts have universally held that, in the absence of proper bills of exception, the rulings of the trial court upon the admissibility of evidence is not subject to review on appeal. Carlton v. Conkrite (Tex. Civ. App.) 249 S. W. 522; Reilly v. Reilly (Tex. Civ. App.) 233 S. W. 379; City of San Antonio v. Newnam (Tex. Civ. App.) 201 S. W. 191; Carothers v, Finley (Tex. Civ. App.) 209 S. W. 801.

Even though testimony was improper, we find in the record other competent testimony by other witnesses on the same subject upon which the judgment could have been rendered. The trial court filed his findings of fact and conclusions of law, and, in the absence of a showing that he relied upon the incompetent testimony in arriving at his verdict, it will be presumed that same was based upon the competent testimony, and his judgment sustained on appeal. Ward v. Armistead, 17 Tex. Civ. App. 374, 43 S. W. 63; Clayton v. McKinnon, 54 Tex. 206; Railway Co. v. Culberson (Tex. Civ. App.) 248 S. W. 111. This is a parallel case to that of Davis v. Bowen, 256 S. W. 621, recently affirmed by this court Finding no reversible error, the judgment of the trial court is affirmed.

Affirmed.