### G. W. SWINK ET AL. v. R. H. MOTLEY ET AL.

#### No. 6397.

1. **Description — Mistake in Locality of Town Lots.**—A mistake made by a remote vendor in pointing out the locality of city lots, sold and described in the conveyance by their lot numbers, can not be rectified against a purchaser without notice of such mistake.

2. **Pleading—Not Guilty in Actions for Land.**—Under the plea of not guilty in an action of trespass to try title a mistake as to the locality of the lots sued for and described in the title exhibited can not be made available as a defense or as ground for relief.

3. **Privity.**—In an action of trespass to try title against defendants showing no privity with the grantor of the plaintiff, the defendants could not, under any condition of pleading or evidence, correct a mistake in a deed to the plaintiff as to the locality of the land conveyed and sought to be recovered.

APPEAL from Dallas.    Tried below before Hon. Geo. N. Aldredge. The opinion gives a statement.

*J. M. Hayes* and *A. S. Lathrop,* for appellants.

No brief for appellees has reached the Reporter.

COLLARD, JUDGE.—This suit was brought by R. H. Motley, in form of trespass to try title, against J. Q. Burbridge and G. M. Swink for lots 21, 22, and 24, in block 122, in the Smith, Murphy & Martin addition to the city of Dallas. Swink answered not guilty. Burbridge disclaimed and said he had sold the lots to W. H. Gaston. Plaintiff's death was suggested, and his heirs, Josie Motley, R. Motley, and William P. Motley, were made and appeared as parties plaintiff, and W. H. Gaston was made defendant. He pleaded not guilty and statute of limitations of three and five years. There was a jury trial; verdict and judgment for plaintiffs for the land and $660 rent. Plaintiffs remitted the damages. Defendants appealed.

It was admitted on the trial that the title to the lots in controversy was originally in C. H. Beauchamp, and that he was the common source. Plaintiff's title was deraigned from Beauchamp as follows: On the 4th of June, 1872, C. H. Beauchamp by his title bond agreed to make to W. J. Britt a deed to lots 1, 2, 24, 22, 21, 7, and 8, in block 122, and a part of block 135, situated in Smith, Murphy & Martin's addition. July 22, 1872, W. J. Britt endorsed on the bond as follows: "This is to certify that C. H. Beauchamp executed deeds of conveyance to R. H. Motley at my request, and I fully discharge said Beauchamp from all liability to me on this bond as to said conveyances." The bond was duly recorded in Dallas County. On the 7th of July, 1872, Beauchamp deeded for a valuable consideration to R. H. Motley lots 21, 22, 24, 7, and 8, in block 122, and also

the part of block 135 described in the title bond. There was proof tending to show that at the time the title bond was executed Beauchamp went on the ground with Britt and pointed out the lots 21, 22, and 24 as being at a place different from that which they actually occupied as shown by the official maps.   The lots as pointed out would not embrace the land claimed by defendants, but as described in the bond and the deed they cover the premises claimed by them.   It was contended by them on the trial, and is here insisted, that plaintiffs can only recover the land pointed out to Britt.   When the deed was made by Beauchamp to Motley there were no representations of any kind made to him as to the locality of the land.   The trial judge instructed the jury substantially that Motley, knowing nothing of what passed between Beauchamp and Britt as to pointing out the lots, was in no way affected by it, and that as there was no issuable fact for the jury to decide, they would find for the plaintiffs.   We do not think there was any error in directing the jury to find for plaintiffs.

It was in proof that in 1880, eight years after his deed, Motley turned over his property in Dallas to a real estate agent to look after, collect rents, and pay taxes, and the agent only paid taxes on three lots in block 122 and collected rent on a brick house which is on one of the lots pointed out to Britt by Beauchamp, but not one of the lots designated in the deed to Motley.   But we are not prepared to say that such fact would commit Motley to the mistake made in pointing out the lots to Britt, when it is in proof that at the time the deed was made to Motley no representations of any sort were made to him or his agent as to where the lots were.   His deed gave no indication of any mistake, nor did anything occur with him to produce it.   It seems that so far as he was concerned he relied solely on his deed.

Aside from this, however, such an issue could not be determined in this suit—a suit of trespass to try title with only the plea of not guilty.   Under such plea there could be no correction or reformation of the deed, even if defendants were in privity with Beauchamp.   But they are not in privity with him; so far as the evidence shows they are mere trespassers and strangers.

It is true that it was admitted that Beauchamp was the original owner of the lots and was a common source, but defendants fail to connect their claim, if any they have, with the common source.   If Beauchamp might have an equity which with proper pleading could be heard in defense, it can not avail parties defendant who fail to connect their holding with such equity.

This feature of the case alone would justify the conclusion of the court's charge that the verdict should be for plaintiffs.

No evidence, however conclusive, should have been admitted to establish the fact of the mistake relied on by defendants. . It was not such a

suit nor were they in such relation to the title as to make the mistake available.

We do not intend to say there was a mistake in pointing out the lots, but if there was a mistake it could not be set up in this case by parties not in privity with the owners nor without proper pleading.

No other question need be considered.

Finding no error in the rulings of the court below or in the judgment, we conclude it ought to be affirmed.

*Affirmed.*

Adopted November 11, 1890.