## W. H. Barth v. W. B. Green.

### No. 3268.

**1. Abstract of Title in Trespass to Try Title.**—The plaintiff in an action of trespass to try title by regular motion demanded that the defendant file an abstract of his title. Within less than twenty days from the notice the cause came on for trial. The plaintiff objected to the evidences of title offered by the defendant for the reason that the abstract had not been filed. *Held:*

1. That article 4797, Revised Statutes, providing that defendant shall have twenty days after notice to file it, is peremptory and without exception.

2. That it was the duty of the plaintiff to ask delay of the trial for the absence of the abstract; but

3. It would seem that the application for such delay should show diligence on the part of the plaintiff in making the demand.

**2. Immaterial Error.**—The admission of conversations between individuals not parties, and not in the presence of the party against whom offered, is no ground for reversal when the case is tried before the judge and in his findings such testimony is expressly ignored.

**3. Irrelevant Testimony.** — In trespass to try title, the defendant pleading not guilty, attachment proceedings and a suit for partition affecting other lands and voluntarily abandoned were irrelevant and should have been excluded.

**4. Pleading—Attacking Deed as Fraudulent under Plea of Not Guilty.**— In the action of trespass to try title a defendant may, if his relation to the title is such as to confer upon him the right, introduce evidence attacking a link in the plaintiff's chain of title as fraudulent, under the plea of not guilty.

**5. Fact Case.**—See testimony held insufficient to connect the defendant with the common source of title, and insufficient to rectify an alleged mistake in a deed, and to affect the plaintiff with notice of alleged equities held by the defendant.

Appeal from Navarro. Tried below before Hon. Rufus Hardy. The opinion gives a statement.

*McKie & Autrey,* for appellant.— 1. Upon the written demand or notice of either party in an action of trespass to try title the opposite party must file an abstract of the title he relies on within twenty days from the time of service of said notice; and if the case is reached on regular call before the twenty days has expired, then we submit that the party must have filed his abstract of title or ask a postponement of the case that he may comply with the rule. In other words, his consent to try before the twenty days expire is a waiver of his right to the time. Rev. Stats., arts. 4796, 4797.

2. The attempt to show a fraudulent combination between plaintiff and George P. Quinn was a defense in the nature of confession and avoidance, and even in this character of action should have been specially pleaded. McSween v. Yett, 60 Texas, 184.

3. The court erred in finding for defendant in this case, because plaintiff had shown a chain of title back to the common source, and no motive was shown for George P. Quinn making a fraudulent transfer of his

property, as he was not shown to be insolvent, nor did the evidence conclusively show that he ever owned the property involved in this suit.

No brief for appellee.

HENRY, ASSOCIATE JUSTICE.—This was an action of trespass to try title, brought by the appellant against the appellee, to recover lots 8, 9, and 10, in block No. 29, of the Houston & Texas Central Railroad addition to the city of Corsicana. The defendant pleaded not guilty.

It was agreed that the Houston & Texas Central Railroad Company was the common source of title.

Plaintiff introduced the following evidence:

A deed from the railroad company to James Garrity for the land in controversy, dated in the year 1879.

A deed from James Garrity to W. H. Barth, the plaintiff, dated the 6th day of December, 1888, for the same land.

A deed from Joe Brennan to James Garrity for the same land, dated the 6th day of December, 1888.

The defendant introduced evidence showing that Neiper and Quinn were partners, and as such had been sued in a Justice Court by W. B. Green, the defendant; that said suit was brought previous to the 6th day of December, 1888, but that judgment was rendered in favor of plaintiff therein subsequent to said date; that when the suit was commenced a writ of attachment was sued out and levied upon lots 8, 9, and 10, in block 27, in said railroad addition, but that said attachment was abandoned; that an execution was issued upon said judgment and levied upon the lots now in controversy as the property of George P. Quinn, one of the partners in the firm of Neiper & Quinn, and that under the said levy the lots were sold and deeded by the sheriff to the defendant Green; that previous to the 6th day of December, 1888, Quinn sold to one Joe Brennan a restaurant belonging to Neiper & Quinn, and gave a bill of sale for the restaurant to James Garrity at Brennan's request, and in payment therefor a deed was made by Brennan to the wife of Quinn for lots 8, 9, and 10 of block 27 of said railroad addition; that the deed was written according to a description given at the time by Brennan from memory, and that a mistake was made in describing the block as No. 27 instead of No. 29; that the deed of the 6th of December, 1888, from Garrity to Barth was executed subsequently at the request of Barth or Quinn; that the consideration for that deed was $300, which was paid by Barth to Quinn through a check given at the time.

Some evidence was introduced of declarations made by Quinn and Barth tending to show that they recognized an interest in Neiper in the lots deeded to Mrs. Quinn.

James Garrity testified that he had an indistinct recollection of mak-

ing the deed to Barth; that it was made at the request of Brennan and Quinn, and because of a restaurant trade between them; that he held the title, and Brennan for some reason claimed that he had an interest in it and that witness should make the deed; that witness did not concede that Brennan had such interest, but he acceded to his request and made the deed to Barth, but received none of the consideration then paid; that he received an interest "of $50 or $60 in the restaurant originally traded by Quinn."

Barth testified that he purchased and paid for the property in good faith, and that at the date of his purchase he knew nothing of the pendency of the suit in the Justice Court.

Previous to the 6th day of December Neiper had instituted a suit in the District Court against Quinn and wife to recover a half interest in the land deeded to Mrs. Quinn. The suit was pending on said date, but was subsequently discontinued by the plaintiff without a trial on the merits.

The judge who tried the cause without a jury filed the following conclusions of fact:

"The court finds from the statements and conversations of Barth alone that he, at the time he acquired the title to the land in controversy, knew both of the equitable interest of Henry Neiper in the premises and of the claim of Green against Quinn and Neiper, which was matured into judgment and upon which defendant's execution was issued; and further, that Quinn, in procuring the deed to the lots to be made direct to Barth, and in procuring the first deed to be made to Mrs. Quinn, did so with intent to defraud and defeat the claim of Neiper as well as that of Green, and that Barth knew and fully understood the fraudulent intent and purpose of Quinn in procuring the execution of both the first and second deeds, and acted in collusion with Quinn; that at the time of said proceedings Quinn was insolvent."

The court's conclusions of law were in substance as follows:

"1.    That the consideration paid for the deed to Mrs. Quinn being partnership property of Neiper & Quinn, the equitable title to the land conveyed was in that firm and subject to the payment of the debt of Quinn.

"2.    That the deed to Mrs. Quinn in equity passed title to the land intended to have been described (viz., the lots in controversy in this suit) as much so as it would have done had the deed correctly described said lots."

Judgment was rendered for the defendant.

The plaintiff served notice upon the defendant thirteen days before the beginning of the trial to file an abstract of his title. During the trial plaintiff objected to the introduction by defendant of any written evidences of title because of his failure to file such abstract. The twenty days given by the statute had not expired, but appellant insists that the defendant's remedy was to ask a delay of the trial, and that having failed to do that he was bound by the notice.

It was the plaintiff who wanted the abstract filed. The provision of the statute that the defendant shall have twenty days after notice to file it is peremptory and without exception.

We think that it was the plaintiff, and not the defendant, who should have sought delay so as to be able to compel the defendant to furnish the abstract. We do not mean to intimate that in this case the plaintiff would have been entitled to have had the trial delayed for that purpose. Unless the party asking for an abstract has exercised diligence in making the demand, or satisfactorily accounts for delay where it could lawfully have been demanded sooner, we do not think that he would be entitled to have the trial delayed on that account.

There was error in admitting the declarations of Quinn made out of the presence of the plaintiff, but as the court excluded such declarations from his consideration in forming his judgment upon the merits the mere introduction of the evidence did not constitute reversible error.

The evidence with regard to the levy of the attachment and the institution of the suit by Neiper, both relating to land not in controversy in this suit and both having been voluntarily abandoned, should have been excluded on plaintiff's objections.

In the action of trespass to try title a defendant may, if his relation to the title is such as to confer upon him the right, introduce evidence attacking a link in the plaintiff's chain of title as fraudulent under the plea of not guilty. He can not be required to specially plead such defense.

The plaintiff showed a chain of title in himself from the common source. Defendant's only pretense of title was from one Joe Brennan and did not reach to the common source. It was not proved that Joe Brennan ever owned either a legal or an equitable title to the land in controversy. If that proof had been made, the evidence offered to show a mistake in his deed to Mrs. Quinn in conveying land in block 27 when he desired to convey land in block 29 was not of a character nor sufficient to justify its being given the effect of correcting said deed and applying it as a conveyance of the land in controversy, if either the pleadings of the defendant or the parties before the court had allowed of that character of relief.

We do not think that the conclusions of the court with regard to the insolvency of Quinn or Barth's knowledge of or participation in a fraudulent transfer of his property is supported by the evidence.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered December 2, 1890.