## YATES v. BILLINGS.

(Court of Civil Appeals of Texas. San Antonio. May 15, 1912. Rehearing Denied June 12, 1912.)

1. COMPROMISE AND SETTLEMENT (§ 23*)—MUTUAL MISTAKE—EVIDENCE.

Evidence *held* to support a finding that a settlement of a contract of sale was made under a mutual mistake of fact, authorizing relief.

[Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. §§ 9–94; Dec. Dig. § 23.*]

2. DEPOSITIONS (§ 95*)—ADMISSIBILITY.

Where a party introduced a portion of an answer to an interrogatory put to a witness testifying by deposition, the adverse party could introduce other portions of the answer

·explanatory of the part introduced by the party.

[Ed. Note.—For other cases, see Depositions, ·Cent. Dig. §§ 276, 277; Dec. Dig. § 95.*]

3. APPEAL AND ERROR (§ 1051*)—HARMLESS ERROR — ERRONEOUS ADMISSION OF EVIDENCE.

Where sufficient, competent evidence authorized the judgment rendered by the court, ·trying the case without a jury, the error, if any, in admitting improper testimony was not ·ground for reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by A. S. Billings against S. A. Yates. From ·a judgment for plaintiff, defendant appeals. Affirmed.

Bertrand & Arnold, of San Antonio, and Dannelly & Threadgill, of Laredo, for appellant. Perkins & Twing, of Alice, and Hamilton & Mann, of Laredo, for appellee.

FLY, J. Appellee· sued appellant for $894.15, alleged to be due for cattle and certain other things set out in the petition. Appellant answered that appellee had breached his contract of sale of the cattle, and, to relieve himself from the results thereof, had accepted a certain sum in payment for the cattle. Appellee, in a supplemental petition, alleged that one Henderson, representing Cartwright, to whom appellant had sold the cattle contracted to be delivered to appellant by appellee, cut out and refused 36 head of the cattle delivered by appellee, and demanded that appellant should, instead thereof, deliver ·to him 29 head of cattle that were being fed by appellant; and it was agreed by appellant and appellee that the latter would take back the 36 rejected cattle and not force appellant to take the same, and that appellee would allow appellant $20 a head on the 29 fed cattle, and appellant would release appellee from his contract to deliver the balance of the cattle, which appellee did not have ready for delivery; that, in calculating the amount due by appellant to appellee on 269 cattle, appellant, by a mutual mistake, was credited with $50 a head on the 29 specially fed cattle, instead of $20 as agreed upon, and that appellant was therefore justly indebted to appellee in the sum of $30 for each of the 29 cattle, amounting in the aggregate to $870. The allegations were denied by appellant. No jury was demanded, and judgment was rendered in favor of appellee for $894.15, of which sum $870 were given for the 29 head of cattle at $30 per head.

[1] The first, second, third, and fourth assignments of error question the sufficiency of the evidence to sustain the claim of mutual mistake, upon evidence of which most of the judgment must be based. Those assignments have necessitated a review of the testimony, from which we find that there was evidence tending to show that a contract, entered into between one Gates and appellee, by which the latter bound himself to deliver to the former a certain number of cattle, was transferred to appellant by Gates. Appellant, in April, 1911, notified appellee that he had contracted to deliver 269 of the cattle to Henderson, and appellee, after hunting and gathering the cattle for several days, got only 231 steers, or 29 less than appellant had contracted to deliver to Henderson, and appellant demanded $20 a head for the number of cattle that were not delivered. Prior to that time, appellee had delivered 74 cattle to appellant, which the latter was feeding, and Henderson demanded 29 head of those steers. Henderson received 224 of the steers, and, under an agreement with appellant, appellee took back 36 of the 260 steers and allowed appellant $20 a head on the 29 fed steers which he delivered to Henderson. In making the calculation, the 29 steers were calculated on a basis of $50 each, instead of $20, and the excess of $30 a head was deducted from the amount that was received by appellee. Appellee swore that there was a mistake in the calculation; and, while appellant swore that there was no mistake, there is evidence tending to show that there was a mutual mistake, and in a letter written by appellant he stated that he failed to find the mistake, but that he would "figure on it again" with appellee. Henderson swore that the 29 cattle were to be calculated at $20 a head; but the sums obtained clearly indicate that they were placed at $50 a head in the calculation.

The evidence is ample to show that the basis of the settlement between appellant and appellee was to deduct from the sum due by appellant for the cattle the sum of $20 a head for 29 cattle, or $580, while the sum of $1,450, or an excess of $870, was deducted. There was clearly a mistake upon the part of appellee and either direct, positive fraud or a mistake upon the part of appellant. The facts will sustain the latter theory, which is the more charitable light in which to view the transaction. The statement made by appellant, that he offered a lump sum for the cattle and agreed to release appellee from the further delivery of cattle, is not sustained by the other- facts and ·circumstances, and seems outside the scope of probability. At any rate, the trial court had a perfect right to ignore it, as was evidently done. When pressed on the cross-examination, appellant would not deny that there had been conversation about $20 a head for the 29 steers taken from the feed pen. He said: "I do not deny in toto that I had any conversation with Billings that he would stand $20 loss for whatever number I had to take out of the feed pens. I told him

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

I had agreed to fill my contract with Mr. Henderson out of the feed pens, and he would have to stand a $20 loss on whatever number I had to take out of the pens. I do not deny what Billings said. I sold them to Mr. Billings for $50, understand; and he was to be credited with $30, and was to lose $20 on the steers." When the calculation was made, however, appellee was charged $50 a head for the 29 steers, but was not credited with the $30 a head, and that is what he has recovered in this suit, with some smaller items.

Appellant, in the foregoing quotation from his testimony, practically admitted the contract to be as appellee claimed, but afterwards sought to evade the force of his admission and claimed that nothing was said about $20; and that if it was agreed that appellee was to lose only $20 a head on the 29 cattle it was afterwards changed. The court had the authority to discard such testimony. From all the testimony, it is apparent that there was no mistake as to the terms of the settlement, and the only mistake alleged was that in making the necessary calculations. With the understanding admitted by appellant, he was mistaken in failing to credit appellee with the $870, or he deliberately left that item out of the settlement. The court decided that he was mistaken, as appellee charitably testified that he was.

[2, 3] Appellee had taken the deposition of a witness, T. H. Clark, but did not use it until appellant had introduced a portion of the answer to the ninth interrogatory, when the other portions of it were then introduced by appellee; said portions being explanatory of that part introduced by appellant. Under well-established rules, a part of the answer having been introduced, the other portion could be introduced. Wetmore, Ev. 2103. If the testimony had been improperly admitted, there having been sufficient competent evidence to authorize the judgment, the cause having been tried by the judge, it would not necessitate a reversal. Andrews v. Key, 77 Tex. 35, 13 S. W. 640; Barth v. Green, 78 Tex. 678, 15 S. W. 112; Gray v. Shelby, 83 Tex. 405, 18 S. W. 809.

The judgment is affirmed.