### MILLERMAN v. MEGARITTY et al.
(No. 8653.)

(Court of Civil Appeals of Texas. Dallas. April 15, 1922. Rehearing Denied June 17, 1922.)

1. Reformation of instruments ⊝⇒19(1)— Plaintiffs in trespass to try title could not recover from subsequent vendee of plaintiffs' remote vendor land not included in plaintiffs' deed in absence of mutual mistake.

In trespass to try title plaintiff, having failed to plead mutual mistake · in description of land conveyed by his remote vendor to E. and to introduce evidence to support, could not recover from M., a subsequent vendee of plaintiffs' remote vendor, land not described in the deed to E., by having field notes corrected and extended so as to include a shortage claim, taking from M. the land representing the shortage.

---

**2. Appeal and error** ⟞1036(2) — **Error in overruling exceptions to petition for misjoinder of defendants eliminated by their discharge.**

Where in trespass to try title by the judgment entered codefendants against whom recovery was sought on the ground of shortage in land conveyed were discharged, any error in overruling defendants' exception to the petition on account of misjoinder of parties or causes of action was eliminated.

**3. Boundaries** ⟞3(5)—**Calls for courses and distances held to control number of acres designated.**

Where land was described as the amount of land contained within area bounded by courses and distances called for by number of varas, specified "so as to include in these boundaries 280 acres of land," etc., *held*, that the intention was to convey the amount within the defined boundaries; the quoted expression not having the effect to extend the distances of lines so as to include the number of acres designated.

**4. Boundaries** ⟞3(3, 5)—**In disputed boundaries monuments govern course and distance.**

In the ascertainment of disputed boundaries, the monuments govern course and distance and course and distance govern the calls for quantity.

**5. Boundaries** ⟞3(6)—**Where footsteps of surveyor making survey located, calls must yield and survey established prevails.**

Where a surveyor went on the ground and actually located boundaries to a tract of land as called for by the field notes furnished by vendor and purchaser, and the "footsteps" of the surveyor in making the survey were found and identified, all classes of calls contained in the deed must yield to the survey thus established.

**6. Boundaries** ⟞10—**Where no discrepancy in calls of field notes construction not resorted to to ascertain amount of land conveyed.**

Where there is no discrepancy in the calls of the field notes describing a tract of land conveyed, there is no occasion to resort to construction to ascertain the amount included within the boundaries named.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Trespass to try title by Jess Megaritty and others against J. S. Millerman and others. From judgment for plaintiffs against defendant named, defendant appeals. Reversed and rendered.

Richard Mays, of Corsicana, for appellant. W. A. Tarver, of Corsicana, for appellees.

VAUGHAN, J. It will not be necessary to discuss separately the 18 assignments of error and the 15 propositions thereunder on which appellant's appeal is based, as all questions presented thereby are so interrelated as to make only a general survey of the case necessary, as the result must depend upon the construction to be placed upon certain deeds of conveyance forming links in the chain of title to the tract of land involved.

Appellee Megaritty filed his suit against appellant, J. S. Millerman, J. E. Eubank, and T. B. Skipper containing three counts: (a) As against appellant, one of trespass to try title; (b) for the recovery of rents and damages; and (c) as against Eubank and Skipper in the alternative upon their warranties and for shortage in the acreage of land claimed to have been purchased by said appellee from Skipper.

Appellant answered by general exception, plea of not guilty, and disclaimer of all lands described in appellee's petition west of the east line of tract sold by Smith to Eubank, and alleged that said east line had been definitely established and fixed upon the ground at the time said land was sold to Eubank, and that thereafter appellant had purchased all land owned by W. E. Smith and others in same survey east of the established line of Eubank's line and held same by deed thereto, and by first supplemental petition pleading a misjoinder of causes of action and parties.

The case was tried before the court without a jury. Appellant's plea of misjoinder and exceptions were overruled. Judgment was rendered in favor of appellee Megaritty extending the field notes fixed and described in appellee Megaritty's deed 135 varas N. 45° E. of where same called for in the deed and as fixed by the survey at the time of sale of said land to Eubank.

[1] The suit partakes strongly of one for the reformation of the field notes in the deed under which appellee Megaritty claims as well as one of boundary, and, perhaps, should be so held, but we will give the appellee the benefit of the doubt and treat it as an action of trespass to try title as to appellant. In this connection we think it well to observe that appellee Megaritty, having failed to plead a mutual mistake in the description of the land conveyed by Smith and others to Eubank and to introduce evidence in support of same, was not in position to recover from appellant, a subsequent vendee of Megaritty's remote vendor, land not described in the conveyance to such vendee, Eubank, by having his field notes corrected and extended so as to include the shortage claimed, thereby taking from appellant the land representing such shortage. Barth v. Green, 78 Tex. 678, 15 S. W. 112.

[2] By the judgment entered appellant's former codefendants were discharged against whom recovery was sought on the ground of shortage in the land conveyed; therefore, conceding that the court erred in overruling appellant's special exception to appellee Megaritty's petition on account of misjoinder

of parties and causes of action, such error was eliminated by the judgment of the court dismissing said suit as to Eubank and Skipper.

The description contained in the following deeds under which appellee Megaritty claims title to the 11 acres adjudged to him as part of the 280 acres referred to in said deeds must determine his rights in this controversy, to wit: W. E. Smith and others to J. S. Eubank dated September 15, 1915; J. S. Eubank to T. B. Skipper of date December 31, 1917; T. B. Skipper to Jess Megaritty, appellee, of date November 8, 1919. The description in said deeds, being practically the same, is as follows:

"Part of the Iredell Redding survey, Navarro county, beginning at the W. corner of tract No. 2 according to a decree of partition in the estate of Wm. M. Love, said point being on the S. W. line of said survey; thence N. 30° W. 476.2 vrs. to the S. corner of a 308-acre tract as described in a certain deed of trust dated May 21, 1915, and shown of record in Vol. 50, page 713, of the Records for Deeds of Trust of Navarro County, Texas, given by W. A. Woodruff and wife to secure the Union Central Life Insurance Company; thence N. 45° E. 3,320.2 vrs. so as to include in these boundaries 280 acres of land net, after deducting the area of the right of way mentioned below; thence S. 30° E. 476.21 —— to stake in S. E. line of said 661.4-acre tract; thence S. 45° W. 3,320.2 vrs. to the place of beginning, containing 281½ acres of land, from which is to be deducted 1½ acres contained in a certain right of way owned by Navarro county across said tract of land and containing 1½ acres, leaving net area of 280 acres."

C. E. Lee, county surveyor of Navarro county, for the parties surveyed the tract of land sold by W. E. Smith and others to Eubank before the sale to Eubank was consummated, and established the S. E. and N. E. corners by marked corners and bearing trees. He made the survey from field notes furnished him by Treadwell, attorney for Eubank, and began at—

"S. W. corner of a 308-acre tract sold to one Woodruff [off of the N. side of the 661.4-acre tract then owned by Smiths, of which the above-described tracts are a part]; thence S. 30° E. 476.2 vrs. to N. W. corner of lot 2, Wm. M. Love partition; thence N. 45° E. 3,320.2 vrs. to a stake at the root of a hackberry 6 inches in dia. blazed on four sides for corner; thence N. 30° W. 476 vrs. to a stake on the S. line of said 308-acre tract, whence a double elm 10 inches in dia. bears S. 36¼° W. 10.4 vrs. S. 45° W. with the S. line of said 308-acre tract to the place of beginning, containing 281½ acres of land less 1½ acres heretofore sold by R. M. Smith to good roads district No. 1. Surveyed on the 17th day of September, 1915."

In 1917 C. E. Lee surveyed for J. S. Millerman the land described in his deed and fixed the Millerman's west line on the east line that Lee had fixed for Eubank in 1915. The hackberry marked for S. E. corner of Eubank's tract was found in 1917. Millerman claimed his west line to be the east line of Eubank or Skipper tract, and rented his land to Skipper up to the line established by Lee in 1915 for Eubank's and 1917 for Millerman's west line. Neither Eubank nor Skipper ever claimed any land outside of the boundary established by Lee as east boundary line of Eubank's tract. Megaritty never claimed any part until shortly before he brought the suit.

Skipper never heard any one claim that the tract he sold to Megaritty was short in quantity until Megaritty sold to Crumley just before the suit was filed. Skipper never claimed any land east of the corners and line established by Lee as east line of Eubank's land.

[3] By the description contained in the deed to appellee Megaritty what amount of land was conveyed—the amount contained within the area bounded by course and distance called for by number of varas, to wit, a tract 476.2 varas by 3,320.2 varas, or a tract of land containing, net, 280 acres of land by extending the two calls for 3,320.2 varas perforce of the expression so as to include in these boundaries 280 acres of land net, after deducting the area of the right of way mentioned below (said right of way being 1½ acres)?

Omitting from the description the expression "so as to include in these boundaries 280 acres of land," there could be no question as to the amount of land conveyed by said deed, to wit, the area contained within the calls for distance of 476.2 varas by 3,320.2 varas, or 269 acres.

Can it be said that the expression "so as to include in these boundaries 280 acres of land" had the effect to extend the distance of the two lines called for in said deed to be 3,320.2 varas so as to include the number of acres designated in said deed, to wit, 280 acres, as being the amount of land conveyed, or did said expression have no more dignity or descriptive power than either of the expressions "280 acres more or less," or "containing 280 acres," or "280 acres of land out of —— survey described as follows," would have had if used in place of said expression? We think not.

In order to have ascertained the amount of land contained within the course and specific distance as called for in said deed, it was only necessary to make a simple calculation, in reference to which there was no occasion for any doubt or uncertainty, especially as the parties interested, both as seller and purchaser, to ascertain the area contained within the boundaries thus included in the deed of conveyance, called to their assistance a sur-

veyor and had the lines thus called for reflected on the ground by an actual survey locating the corners and establishing same by proper witness trees. This clearly shows it was not the intention of the parties to, and that they did not, rely in any respect on the number of acres stated in said deed as being the number to be conveyed or the number contained within said boundaries, but that they were relying upon the boundaries thereof as established by calls for course and distance, as the word "boundaries" used in said expression, as applied to field notes of the character contained in said conveyance, embraces, of a necessity, the two expressions "course" and "distance" as called for in the deed of conveyance.

[4] In the ascertainment of disputed boundaries it is a fixed rule of law that monuments shall govern course and distance and course and distance govern the calls for quantity. Welder v. Hunt, 34 Tex. 47; Buford v. Gray, 51 Tex. 336; Ayers v. Harris, 64 Tex. 302.

[5] The surveyor went on the ground and actually located the boundaries to the 280-acre tract as called for by the field notes furnished him by the parties vendor and vendee. It was established that the "footsteps" of the surveyor in making said survey were found and identified. Therefore all classes of calls contained in said deed must yield to same, and the survey as thus established prevail. Stafford v. King, 30 Tex. 273, 94 Am. Dec. 304; Fulton v. Frandolig, 63 Tex. 333; Ayres v. Lancaster, 64 Tex. 312; Phillips v. Ayers, 45 Tex. 607; Brown v. Bedinger, 72 Tex. 249; Montague County v. Land Co., 80 Tex. 396, 15 S. W. 902.

[6] There are no discrepancies in the calls of the field notes describing said 280 acres of land. Therefore no occasion arose to resort to construction to ascertain the amount of land in fact contained within such boundaries, and certainly not when the result of such construction would be in violation of the established rules of law, viz. making the deed embrace more land than was in fact conveyed by the description which should control, to wit, calls for course and distance; no natural objects being called for. Bass v. Mitchell, 22 Tex. 294; McFaddin v. Johnson (Tex. Civ. App.) 180 S. W. 306.

The court therefore erred in extending the distance called for by the field notes contained in appellee Megaritty's deed so as to include any part of the 45 acres of land conveyed by W. E. Smith and others to appellant by field notes as herein set out. Assuming that a mutual mistake was made by the original vendor and vendee in the description of the 280 acres of land conveyed, the appellant being a subsequent vendee of adjoining land from the same vendor and ignorant of such mistake, same cannot be admitted against him for the purpose of disturbing the title acquired through purchase in good faith of the land embraced in the field notes to which his vendor had the apparent record title. Farley v. Deslonde, 69 Tex. 461, 6 S. W. 786; Swink v. Motley, 78 Tex. 580, 14 S. W. 799; Barth v. Green, 78 Tex. 681, 15 S. W. 112.

Therefore it was not within the power of the court by construction of the field notes contained in the deed of conveyance between the respective vendors and vendees dealing with said 280-acre tract to declare that a mistake had been made in the field notes describing said land so as to deprive appellant of any portion of the 45 acres of land subsequently purchased from W. E. Smith and others, the original vendors; appellee Megaritty's cause of action resting in different form than trespass to try title and not against appellant. This is a case of two purchasers from the same vendor where no privity and no fraud exists in any of the transactions. Therefore appellee Megaritty, by his subsequent purchase of the property, standing in the attitude of the first purchaser from said common vendor, could not hold appellant, the second purchaser, responsible for a mistake or fraud of their vendor, if either existed, as he was not in privity with said parties or guilty of fraud, and claimed no land described in deed to Eubank.

The undisputed evidence showed that Smith and Lee went on the ground and made the survey of the land to be conveyed to Eubank in September, 1915, and established the corners and field notes thereof, and that said survey was made by Lee from data furnished him by Treadwell, attorney for Eubank; that the survey as made on the ground by Lee and Smith was furnished to Treadwell with the calls and bearing trees and lines as established by said survey; that Treadwell thereafter wrote the deed, but purposely omitted the calls for bearing trees, and that Treadwell inserted in said deed after the second call from beginning corner (which call was N. 45° E. 3,320.2 vrs.) the following words: "So as to include in these boundaries 280 acres of land net, after deducting the area of the right of way mentioned below."

The undisputed evidence shows that the attention of no one was called to the shortage in acreage included in the boundaries of the field notes as surveyed by Lee and furnished Treadwell, and that neither Lee nor any of the vendors of Eubank knew there was a shortage in said boundaries, nor that Treadwell had intentionally omitted the calls for corners and bearing trees from the deed. There was no mistake of fact between the Smiths and Eubank as to the boundary of the land conveyed, and neither Eubank nor Skipper, his vendee, ever claimed a shortage, nor did Jess Megaritty make such claim, until he sold to Crumley, just before this suit was filed. If there was a mistake, no one knew it, no one intended it, and a shortage in acre-

age would not be grounds for suit against Millerman, who was not holding or claiming any land in privity with Megaritty. Blumberg v. Mauer, 37 Tex. 7.

Appellant was not a party privy to the deed from Smiths to Eubank and did not claim any land conveyed by said deed, and Smith, Eubank, Skipper, and Megaritty, each and all, accepted the field notes and boundary lines established by Lee as surveyed at time of sale to Eubank and never disputed the boundary line between Eubank and Millerman or claimed that a mistake had been made in the original survey for field notes to Eubank until just before the suit was filed, when appellee Megaritty found a shortage in the acreage called for, which shortage could not control the calls for course, distance, and marked corners as made in survey of Lee for Eubank before deed to Eubank was executed. Eubank's attorney alone seemed to know there was a shortage in the acreage, which notice might or might not be chargeable to Eubank, but was never claimed by him or Skipper, both of whom recognized and acquiesced in the boundaries as surveyed by Lee and in sale contract to Skipper the contract called for "about 278 acres of land."

There was no evidence of mistake on the part of Smith, Eubank, Skipper, or appellee Megaritty that could be mutual, and, if such mutual mistake had been made, it could not, under the proof, have affected the title of appellant. Therefore it was error for the court to hold that appellant was, as a matter of law, charged with notice that the field notes in deed from Smith to Eubank did not embrace 280 acres net, and that said field notes should have called for "N. 45° E. 3,455.2 vrs. for N. and S. lines," and that neither Eubank, Skipper, nor Megaritty was estopped by agreement or acquiesence. George v. Thomas, 16 Tex. 91, 67 Am. Dec. 612; Houston v. Sneed, 15 Tex. 309; Page v. Arnim, 29 Tex. 72; Hefner v. Downing, 57 Tex. 580; Cooper v. Austin, 58 Tex. 501.

The contention of appellee Megaritty is in effect that the description as contained in his deed of conveyance should be construed so as to make the north and south lines call for a distance of 3,455.2 vrs. each so as to embrace 280 acres net, or the language "so as to include in these boundaries 280 acres of land" given the same effect a call "N. 45° E. 3,320.2 vrs. more or less so as to convey 280 acres of land" would have. Under the authorities neither of said contentions can be sustained.

The conclusion reached of a necessity requires the judgment of the court below to be reversed and here rendered in favor of appellant that appellee Megaritty take nothing by his suit, and that appellant go hence without day and recover of and from appellee Megaritty all costs in both courts incurred.